IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT RAY SANCHEZ,

    Petitioner,                     No. CIV S-08-0110 FCD EFB P

    vs.

JOHN F. SALAZAR, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents move to dismiss the petition as untimely. For the reasons explained below, the motion must be granted.

**I.    Procedural History**

    On October 4, 1999, petitioner was convicted of various offenses and sentenced to a term of 13 years and 8 months in prison. Petition ("Pet."), at 1; Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), 1. He filed an appeal, but on May 16, 2000, before the appellate court issued a decision, he filed a request to withdraw that appeal. Lodg. Doc. 2. On May 16, 2000, the appellate court granted the request to withdraw and dismissed the appeal. Lodg. Doc. 3.

////

On January 26, 2007, the petitioner filed a state petition for a writ of habeas corpus in the state trial court.[1] Lodg. Doc. 4. The trial court denied that petition on April 17, 2007, in a decision that ruled on the merits. Lodg. Doc. 5. On May 23, 2007, petitioner filed an application for a writ of habeas corpus in the state appellate court. Lodg. Doc. 6. That court denied petition, also ruling on the merits. Lodg. Doc. 7. Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on June 12, 2007. Lodg. Doc. 8. That court denied relief on November 14, 2007. Lodg. Doc. 9.

Petitioner filed his federal habeas petition on January 13, 2008.

## II.    Statute of Limitations

The limitations period for filing a federal petition for habeas corpus is governed by 28 U.S.C. § 2244(d)(1), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] For each date petitioner filed a habeas petition in state and in federal court, the court deems the petition filed the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The United States Supreme Court has recognized that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has clarified its own standard as follows:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.    Analysis**

    **A. Event Triggering Commencement of the Limitations Period**

In order to decide whether the petition is untimely, the court must determine when the limitations period began. Here, respondents contend that the limitations period began the date petitioner's conviction became final. Petitioner seems to argue that it began on the date he completed the process of exhausting the available state remedies by presenting his claims to the

California Supreme Court in a habeas petition. Pet'r Opp'n, at 2. He is mistaken. As noted above, Congress enumerated four possible dates on which the limitations period may commence. *See* 28 U.S.C. § 2244(d)(1). One of these triggering events is the date that the conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). It appears that petitioner confuses the factors for determining when the statute of limitations began to run with the exhaustion requirement. Exhaustion requires a petitioner to present all his claims to the state courts through pursuing any direct appeal that might be available and any postconviction remedies that might be available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (exhaustion requires petitioner to seek discretionary review from state court of last resort); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (exhaustion requires one full round of review in state courts). The date that the petitioner completed the process of exhausting the available state remedies is not one of the factors enumerated above for determining when the one year limitations period starts to run. Contrary to petitioner's contention, the limitations period did not commence on the date that he exhausted the available state remedies. It commenced on the date that the judgment of conviction became final at the conclusion of direct appeal process. *See* 28 U.S.C. § 2244(d)(1)(A). Here, as discussed below, that date was May 27, 2000.

**B. Finality of the Conviction on Direct Review**

The finality of the judgment is a matter of California law. As noted, petitioner appealed the judgment of conviction, but then requested to withdraw it. On May 16, 2000, the appellate court granted that request. Under California law, petitioner had 10 days from the date of the appellate court's dismissal to file a petition requesting that the California Supreme Court review the order of the appellate court. California Rules of Court, rule 28.[2] Petitioner did not file a petition for review. Accordingly, his conviction was final May 26, 2000. The limitations period

---

[2] This rule subsequently was renumbered as rule 8.500(e)(1).

4

commenced the next day, May 27, 2000. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Therefore, petitioner had until May 28, 2001, to file his federal petition.[3] Absent tolling, the January 13, 2008, petition is several years late.

**C. Statutory Tolling**

Petitioner is not entitled to statutory tolling. He did not file a habeas petition in the California courts until after the federal limitations period had expired. A state habeas petition filed after the federal limitations period expires provides no basis for tolling under 28 U.S.C. § 2244(d)(2). *Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). The federal limitations period expired May 28, 2001, and petitioner did not commence the state post-conviction proceedings in the California courts until January 26, 2007. Therefore, none of the state habeas petitions can provide a basis for statutory tolling. Petitioner does not assert that he is entitled to equitable tolling nor does the record support such tolling.

**IV. Conclusion**

Petitioner filed his federal petition for a writ of habeas corpus after the limitation period expired. He has not demonstrated that he is entitled to either statutory or equitable tolling. Therefore, the petition is untimely and the respondents' motion must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' December 15, 2008, motion to dismiss be granted; and,

2. This action be dismissed on the ground that it is untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written

---

[3] The limitation period expired Sunday, May 27, 2001. However, petitioner did not have to file until Monday, May 28, 2001. *See* Fed. R. Civ. P. 6(a)(3).

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated:  September 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE